## FRANCIS L. DAVIS *et al.*

### *v.*

### ORLANDO BRACE *et al.*

1. TAXES—*a law requiring the county clerk to extend a certain per cent on certain contingencies, is a standing levy of such per cent.* Where the law under which municipal bonds are issued requires the corporate authorities to levy and collect a sufficient tax, not exceeding a certain per cent, to pay the interest annually, and to liquidate the principal within the time specified for their payment, and provides that, in case the corporate authorities fail to certify to the county clerk the rate per cent to be levied for any year, before the time required by law for such clerk to extend the State and county tax, then he shall extend such tax for such year at one per centum, such provision is a standing levy, by law, so long as the bonds remain unpaid, subject to be modified or changed by the action of the corporate authorities.

2. SAME—*if there is a law authorizing an extension, such extension is valid, though intended to be done under a different law.* Where a town owes a debt which can only be paid out of funds raised by taxation, and a tax for that purpose is extended by the proper officer, who is authorized to extend the same by the act under which the indebtedness is created, it is wholly unimportant, in a court of equity, under what law the officer intended to

act in making the extension. It is sufficient that there is a law conferring authority on him to do what he has done, and the collection of the tax will not be restrained.

APPEAL from the Circuit Court of Stark county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. J. J. HERRON, and Mr. W. W. WRIGHT, for the appellants.

Mr. H. BIGELOW, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The tax, collection of which is sought to be enjoined by the bill, is for the payment of interest on the bonds of the town, issued in conformity with its subscription for capital stock in the Peoria, Dixon and Hannibal Railroad Company. The validity of the bonds is not questioned, nor is it claimed that the tax exceeds the constitutional limitation, nor that the amount proposed to be collected is not *bona fide* due from the town to the holders of the bonds, but it is simply asserted that the tax was not legally levied. The reasons alleged are: 1st. The bonds were not properly registered by the Auditor of Public Accounts, and hence his certificate conferred no authority upon the county clerk to extend the tax. 2d. The corporate authorities of the town did not certify to the county clerk the rate per cent to be extended upon the collector's books, and, therefore, he derived no authority to extend the tax from this source.

If these were the only sources from which the authority of the clerk to extend the tax could be derived, it would be necessary to inquire whether the allegations are sustained, but they are not. The seventh section of the charter of the Peoria, Dixon and Hannibal Railroad Company, under the authority of which the bonds were issued, requires the corporate authority of the town to levy and collect a sufficient tax, on the taxable property of the town, not exceeding three per centum, to pay the interest annually accruing on the bonds, and to liqui-

544          DAVIS *et al.* *v.* BRACE *et al.*          [Sept. T.

Opinion of the Court.

date the principal within the time specified for their payment; and concludes by providing that, in case the corporate authority shall fail to certify to the county clerk the rate per cent to be levied for any year, before the time required by law for such clerk to extend State and county tax, then he "shall extend such tax, for such year, at the rate of one per centum." This, in our opinion, is a standing levy, by law, so long as the bonds shall remain unpaid, of one per centum, subject, however, to be modified or changed by the action of the corporate authority. In the absence of the action of the corporate authority, it was the duty of the clerk to extend the tax at one per centum, and, on failing, he might have been compelled by *mandamus* to do so at the instance of any one interested in the bonds.

The case, then, stands thus: The town owes a debt which can only be paid out of funds raised by taxation. This tax is for the payment of that debt. It was extended by the proper officer, and his action is authorized by the law under which the debt was created. It would seem, therefore, especially in a court of equity, wholly unimportant under what law the clerk intended to make the extension. It is sufficient that there is law which confers authority to do what he has done. That he might have extended, or, indeed, should have extended the tax at a higher rate per cent, under the law, than he has, in nowise prejudices the tax-payer, and he can not complain on that account.

We are unable to perceive any equitable grounds for restraining the collection of the tax.

We are of opinion the decree of the court below in dissolving the injunction and dismissing the bill is right, and must, therefore, be affirmed.

*Decree affirmed.*